```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**LIEUTENANT WOODS AND**
**GERALDINE WOODS**                                           **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO. 3:05-CV-94BN**

**THE CITY OF JACKSON, THE JACKSON POLICE**
**DEPARTMENT AND SLADE MOORE,**
**INDIVIDUALLY AND IN HIS OFFICIAL**
**CAPACITY AS A JACKSON POLICE**
**DEPARTMENT OFFICER**                                        **DEFENDANT**

## OPINION AND ORDER

This cause is before the Court on Plaintiffs' Motion for Sanction for Failure to Obey Discovery Order, filed November 21, 2005. After considering the Motion, to which Defendants failed to respond, the Court finds that the Motion is well taken and should be granted.

### I.  Factual Background and Procedural History

On May 8, 2005, Plaintiffs served their First Set of Interrogatories and Request for Production of Documents on Defendants. Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, the responses to those discovery requests were due on or before June 8, 2005. After Defendants failed to respond to these discovery requests, Plaintiffs filed their (First) Motion to Compel on September 9, 2005. However, United States Magistrate Judge Alfred G. Nicols denied the First Motion to Compel because

Plaintiffs failed to attach the requisite certificate of good faith. <u>See</u> Order, filed September 15, 2005. Plaintiffs filed a (Second) Motion to Compel on September 29, 2005. A certificate of good faith, signed by counsel for both sides, was attached to the Second Motion to Compel.

After receiving no response from Defendants, Magistrate Judge Nicols granted the Second Motion to Compel on November 1, 2005. <u>See</u> Order, filed November 1, 2005, ("November 1 Order"). In the November 1 Order, the court ordered Defendants to respond to the subject discovery request on or before November 18, 2005, and warned Defendants that "failure to comply with this Order will result in further sanctions." In addition, the court also imposed a monetary sanctioned on Defendants for the discovery violation.

On November 21, 2005, Plaintiffs filed the subject Motion for Sanctions. Plaintiffs contend that Defendants willfully failed to comply with the November 1 Order of the court. Pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs now urge the Court to enter a default judgment against Defendants. Defendants have yet to respond to the subject Motion and the due date for filing a response, as set forth in Rule 7.2(D) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi, has long since passed.

**II.  Analysis**

Where a party fails to comply with a discovery order, the Court has the authority to "render a judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(C). In <u>United States v. $49,000 Currency</u>, 330 F.3d 371, 376 (5th Cir. 2003), the United States Court of Appeals for the Fifth Circuit outlined two requirements that must be satisfied before a court can enter a default judgment under these circumstances. First, the violation must be willful. <u>Id.</u> Second, a default judgment is only appropriate if a "lesser sanction would not substantially achieve the desired deterrent effect." <u>Id.</u>

The Court finds that the two requirements set forth in <u>$49,000 Currency</u> have been met in this case. Defendants have offered no explanation for their failure to answer the discovery request of Plaintiffs before the original June 8, 2005, deadline or the court-imposed deadline of November 18, 2005. Defendants were obviously aware that Plaintiffs sought this discovery as evidenced by counsel for Defendants signing the certificate of good faith on September 27, 2005. Moreover, Defendants did not respond to either the Motion to Compel or the subject Motion for Sanctions. The Court therefore finds that Defendants' failure to comply with the court order is clearly willful.

Further, the Court finds that there is no less drastic sanction that would achieve the desired deterrent effect. The court has already ordered Defendants to respond to Plaintiffs'

3

discovery request and that order has been ignored. The monetary sanctions imposed by the court in the November 1 Order also appear to be an ineffective deterrent to Defendants dilatory behavior. Judgment by default appears to be the only sanction available to the Court to ensure compliance with its discovery order.

Accordingly, pursuant to the authority granted to this Court under Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, the Court will enter judgment by default against Defendants.[1]

### III.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Sanction for Failure to Obey Discovery Order [docket entry no. 27] is well taken and is hereby granted. The Court will enter judgment by default against Defendants City of Jackson, Jackson Police Department, and Slade Moore, individually and in his official capacity. A Default Judgment in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure will be entered after the amount of damages is established. The parties are to contact the

---

[1] Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that "[i]f the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." The Court deems the subject Motion for Sanctions, wherein Plaintiffs specifically requested that a default judgment be entered, sufficient written notice to Defendants of Plaintiffs' application for default judgment.

courtroom deputy of the Court, Ann Nelson, at 601-965-4545 to schedule a hearing to determine the amount of damages.

SO ORDERED this the 13th day of January, 2006.

<pre>
                              s/ William H. Barbour, Jr.
                              UNITED STATES DISTRICT JUDGE
</pre>

blj